CHARLES E. JENKINS.

## BALTIMORE CITY COURT

Filed October 29, 1888.

DAVIS ET AL.

VS.

GELMELM.

*Frank Woods* for plaintiff.

*W. L. Marbury* for defendant.

STEWART, J.—

The plaintiff in this case brought suit against the defendant on two promissory notes, under the Act of 1886, Chap. 184, and the defendant pleaded to the declaration one plea "That he did not *promise* as alleged, within three years prior to the institution of this suit." To this plea, the plaintiffs have demurred.

The Code has provided forms of pleas for almost every conceivable defense, and the plea of limitations, applicable in assumpsit, is, "That the alleged cause of action did not *accrue* within three years before this suit."

It is immaterial when the party promised, if the cause of action accrued within three years before bringing the suit. It often happens that promissory notes are given, payable several years after date, and a defendant may truly say that he did not promise within three years, when the real question

at issue, would be, when did the note become due and payable? When did the holder of the note have the right to demand payment? While it is true that the precise language of the forms set forth in the Code is not required, so long as the substance is expressed, it is evident that the word *promise,* which was substituted for the word *accrue,* in the above plea, was a substantial departure from the defense intended by the Act of Limitations, and presents an immaterial issue, and it is therefore no answer to the declaration.

The argument of the defendant that the notes sued on were overdue more than three years, and that the declaration shows that fact, and justifies the plea filed in this case is sound. Had a proper plea of limitation been filed, the plaintiff would have been obliged to reply a new promise, and at the trial sustain it by evidence; but it is not necessary that the defendant should anticipate their action, nor should a question of evidence be confounded with one of pleading. The demurrer will be sustained, and there being now no plea to the declaration, the affidavit filed with the plea falls with it. The pleas and affidavit marked "filed" on October 6, 1888, are not properly before the Court, as they were filed long after the time allowed by law without the consent of the Court, which if it had been asked could not have been given, unless the application had been made within fifteen days from the return of writ. The motion filed by the plaintiff for a judgment for want of a proper plea and affidavit will be granted.